DAVIS WRIGHT TREMAINE LLP
MARTIN L. FINEMAN, Bar No. 104413
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Phone: (415) 276-6575/Fax: (415) 276-6599
Email: martinfineman@dwt.com

NIRO, HALLER & NIRO
Raymond P. Niro (Member of the N.D. Cal. Bar)
Christopher J. Lee (*Pro Hac Vice*)
Kara L. Szpondowski (*Pro Hac Vice*)
Joseph A. Culig (*Pro Hac Vice*)
Gabriel I. Opatken (*Pro Hac Vice*)
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Phone: (312) 236-0733/Fax: (312) 236-3137
E-mail: rniro@nshn.com
E-mail: clee@nshn.com
E-mail: szpondowski@nshn.com
E-mail: jculig@nshn.com
E-mail: gopatken@nshn.com

*Attorneys for Plaintiff Grail Semiconductor, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GRAIL SEMICONDUCTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> RENESAS ELECTRONICS AMERICA, INC., <br><br> Defendant. | Case No. C 11-03847 <br><br> Magistrate-Judge Joseph C. Spero <br><br> **GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT** <br><br> **Date:** TBA <br> **Time:** TBA <br> **Courtroom: G, 15th Floor** <br> **Magistrate-Judge Joseph C. Spero** |

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF RELEVANT FACTS ................................. 1

II. LEGAL STANDARD ................................................................................................ 4

III. ARGUMENT .............................................................................................................. 5

    A. A Stay Will Not Result In Harm .................................................................. 6

    B. Each Party Is Likely To Suffer In Being Required To Go Forward ....................... 8

    C. A Stay Will Result In The Simplification Of Issues And Questions of Law ......... 9

    D. A Stay Will Not Unduly Prejudice Renesas Or Provide Tactical Advantage ...... 10

    E. Discovery Has Barely Commenced ........................................................... 10

IV. CONCLUSION ........................................................................................................ 11

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bechhold v. Bogner*,
  2008 WL 170688 (N.D. Cal. Jan. 16, 2008) .................................................................. 4, 6, 8, 9

*Convergence Techs. (USA), LLC v. Microloops Corp.*,
  2012 WL 1232187 (N.D. Cal. April 12, 2012) ................................................................... 5, 10

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
  402 F.3d 1198 (Fed. Cir. 2005) .................................................................................................. 8

*Whitney v. Novartis Pharms. Corp.*,
  2012 WL 1450176 (N.D. Cal. April 25, 2012) .......................................................................... 4

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- ii -

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on a date and time to be determined, in Courtroom G located on the 15th floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Grail Semiconductor, Inc. ("Grail") will, and hereby does, move this Court to stay the proceedings in this action pending final resolution of a related case in state court.[1]

This motion is brought in the interest of judicial economy and to prevent unnecessary legal expenses and other burdens associated with patent litigation in view of the potential impact that the final resolution of the more advanced state court litigation may have on this case and in light of the current financial situation of Grail that may result in a judicial sale of the patent-in-suit in the near future. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the supporting Declaration of Christopher J. Lee and exhibits thereto, filed concurrently, all records, pleadings and Orders in this action, and such further argument as the Court may permit.

In support of its motion, Grail states as follows:

### I. INTRODUCTION AND SUMMARY OF RELEVANT FACTS

Plaintiff Grail Semiconductor, Inc. ("Grail") respectfully requests that this Court stay the proceedings in this action pending the disposition of a related case currently pending appeal in the Sixth Appellate District of the State of California – *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc. (as successor to Mitsubishi Electric America, Inc.), et al.*, Case No. 1-07-cv-098590 (Appellate Court Case Nos. H038614 and H038714) ("the State Court Case").

---

[1] Grail has filed a Motion to Shorten Time concurrently with this Motion, requesting an October 12th hearing date.

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 1 -

On June 15, 2007, Grail filed the State Court Case alleging, among other things, breach of contract against Mitsubishi Electric & Electronics USA, Inc. ("MEUS") and other related companies. One such related company was Mitsubishi Electric Corporation ("MEC"), which is MEUS' ultimate parent and which formed and acquired a 45% ownership interest in Renesas Technology Corporation ("RTC") in 2003. (Supporting Declaration of Christopher J. Lee ("Lee Decl."), ¶¶ 2-3; Ex. 1 at 3; Ex. 2 at 55:10-13). RTC eventually merged with NEC Corporation and became Renesas Electronics Corporation ("REC") in 2010. (*Id.*, ¶ 4 & Ex. 3). REC, in which MEC still retains a 25% ownership interest, is the ultimate parent of Renesas Electronics America, Inc. ("Renesas"), the defendant in this case. (*Id.*, ¶¶ 4-5; Ex. 3; Ex. 4 at 6).

After nearly five years of discovery and motion practice, Grail's breach of contract claim against MEUS, the sole remaining defendant in the case, was tried to a jury in April and May 2012 in the Superior Court of the State of California, County of Santa Clara ("the Superior Court"). Grail alleged that MEUS had breached a non-disclosure agreement between Grail and MEUS regarding Grail's confidential information through its dissemination, use and failure to prevent the use and improper dissemination of Grail's confidential information to unauthorized persons at Mitsubishi and Renesas entities. The evidence presented at trial included the testimony by former and current employees of MEUS (some of whom ultimately went to work for Renesas entities) that, after the meeting with Grail, MEUS transferred 143 of its employees to RTC, (*Id.*, ¶ 6 & Ex. 5 at 97:18-98:11) and that the key technical employees who were sent to RTC from MEUS and who had been previously exposed to Grail's confidential information continued to work together on the same projects at RTC carried over from MEUS. (Ex. 5 at 92:28-93:8, 142:5-15, and 157:12-27; Lee Decl., ¶ 7 & Ex. 6 at 61:18-25; *id.*, ¶ 8 & Ex. 7 at 11:22-12:9). The evidence also included admissions that (1) MEC admittedly made its

Grail semiconductor, inc.'s notice of motion and motion to stay the proceedings in this action pending final resolution of a related case in state court and memorandum in support – Grail v. Renesas, Case No. C 11-03847

- 2 -

1 technology available to RTC (Lee Decl., ¶ 9 & Ex. 8 at 121:6-7); and (2) some of the key former Mitsubishi employees did nothing during their supposed transition to RTC – they ended up using the same computer, occupying the same office and doing the same work as before. (Ex. 7 at 79:3-20). In other words, Renesas entities, by virtue of taking over the memory business of Mitsubishi entities, simply inherited everything that MEUS had improperly made available or disclosed to other Mitsubishi entities and Renesas in breach of the non-disclosure agreement.

After a three-week trial, the jury found that MEUS had breached the non-disclosure agreement and awarded damages in the amount of $123,898,889.00. On May 16, 2012, the state court entered a Judgment on Jury Verdict in Grail's favor finding MEUS liable for breach of contract and awarding damages in the same amount. (Lee Decl., ¶ 10 & Ex. 9).

MEUS moved the Superior Court for a judgment notwithstanding the verdict (JNOV) and for a new trial with respect to liability and damages. The Superior Court denied MEUS' motion for JNOV on liability and damages. On July 24, 2012, the court also denied MEUS's motion for new trial on liability, but granted MEUS's motion for new trial with regard to damages, thus vacating the amount awarded by the jury. (*Id.*, ¶ 11 & Ex. 10). On September 7, 2012, the Superior Court denied Grail's motion for injunctive relief. MEUS has filed a notice of appeal on the Superior Court's denial of its JNOV motion on liability and damages and its motion for a new trial on liability. Grail, in turn, has filed a notice of cross appeal of the Superior Court's denial of its motion for injunctive relief.

As a result of the ruling on MEUS' motion for a new trial on damages and the recently noticed appeals to the Sixth Appellate District Court, the nature and amount of damages that may be assessed against MEUS for its breach have now become uncertain. Moreover, the uncertainty in the state court proceedings has equally made unclear the impact of any damages award or

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 3 -

injunctive relief that may ultimately be awarded in the state court case on Grail's ability to seek independent relief from Renesas in this patent case. Thus, in the interest of judicial economy and to prevent potentially unnecessary duplications of efforts and expenses for both parties, Grail seeks to stay the current proceedings pending the final resolution of the state court case so that the temporal and substantive scopes of Renesas' potential liability in this action can be ascertained before proceeding with expensive and time-consuming discovery.

That is especially the case in view of the well-publicized financial difficulties that Renesas has faced during the past several months and the current financial situation of Grail that may result in a forced judicial sale of the patent-in-suit by the Southern District of New York to satisfy a judgment in the near future.

## II. LEGAL STANDARD

"The decision whether to stay [an] action rests in the discretion of this Court." *Whitney v. Novartis Pharms. Corp.*, 2012 WL 1450176, *2 (N.D. Cal. April 25, 2012). "The power to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "In some cases, it is appropriate for a district court to stay proceedings in a lawsuit based on other related lawsuits." *Id.* (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

In determining whether to grant a stay, this Court should weigh competing interests, such as: (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 4 -

law which could be expected to result from a stay." *Bechhold v. Bogner*, 2008 WL 170688, *2 (N.D. Cal. Jan. 16, 2008) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The present situation is not unlike the scenario in which the patent-in-suit becomes subject to a reexamination proceeding in the United States Patent and Trademark Office. In those instances, three factors are considered to determine the appropriateness of a stay: "(1) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues and the ensuing trial, and (3) whether discovery is complete and whether a trial date has been set." *Convergence Techs. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187, *2 (N.D. Cal. April 12, 2012) (citing *Cygnus Telecomms. Tech., LLC v. United World Telecom, L.C.*, 385 F. Supp. 2d 1022, 1022 (N.D. Cal. 2005)). All of these factors favor a stay in this case.

### III. ARGUMENT

On July 24, 2012, the Superior Court granted MEUS's motion for a new trial with regard to damages, stating:

> Rather, damages should have been awarded based upon the value of what MEUS would have paid on April 19, 2001, ***for a lump-sum fully paid-up license to use Grail's confidential information.*** Since the jury's award was excessive, the Court will grant MEUS's New Trial motion solely on the issue of damages.

(Ex. 10 at 11-12 (emphasis added)). The Superior Court continued: "The proper measure of damages for breach of a nondisclosure agreement is the amount that the breaching party would have paid to license the technology if it had decided to use the technology without violating the agreement." (*Id.* at 18). A new trial on damages, if any, will be held after the noticed appeal.

More importantly, the Superior Court's ruling suggests that it believes, at least for the time being, the "proper measure of damages" in that case to be a measure of damages based on a hypothetical negotiation for a lump-sum, paid up license to use Grail's confidential information

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 5 -

1   that included, among other things, the technologies described in the patent-in-suit.  Because Grail
2   will be seeking damages based on a royalty negotiated at a hypothetical negotiation in this
3   action, any verdict in the state court case based on this "proper measure of damages" may have
4   implications on the scope of damages available in the present case.  Furthermore, the nature and
5   extent of damages that may be awarded in the state court case may also have an impact on the
6   temporal and even substantive scopes of the relief that Grail may seek against Renesas in this
7   case, especially if the Superior Court were to instruct the jury, and award damages based on a
8   lump-sum, paid-up license to MEUS and its related companies, which may or may not include
9   Renesas.  In short, the outcome of the pending appeals and new trial on damages will have
10  significant impact on the extent of Renesas' potential liability in this case, not to mention give
11  rise to potential satellite litigation on "double recovery" disputes.

12      Thus, to avoid expending the limited resources of the Court and the parties on litigating
13  issues that may be rendered moot or modified as a result of the outcome in the state court case,
14  Grail respectfully requests that this Court stay the current proceedings pending the outcome of
15  the state court case, which, after five years of litigation, is much more advanced than this patent
16  infringement case.

17      **A.    A Stay Will Not Result In Harm**

18      In determining whether to grant a stay, courts consider any "possible damage which may
19  result from the granting of a stay."  *Bechhold*, 2008 WL 170688 at *2.  In the present action,
20  there is no foreseeable damage to any party.  A stay will allow the parties to await the result of
21  the related state court case and, upon resolution, resume litigation with a clearer understanding of
22  the relief available to Grail without the need to spend time and expenses in the interim.  Indeed,
23  Renesas, which has had well-publicized financial crises over the past several months, stands to

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION
PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V.
RENESAS, CASE NO. C 11-03847

- 6 -

conserve its resources while the issues are narrowed or clarified as a result of the state court litigation between Grail and MEUS. (Lee Decl., ¶ 12 Ex. 11).

The same holds true for Grail. Specifically, the five years of litigation against multi-national corporations with billions of dollars in revenue in the ongoing state court case (including MEUS) -- not to mention the expensive satellite litigation on standing issues over the past year in this case -- have taken a significant financial toll on Grail. The recent vacatur of the $123 million damages award in the state court case has only exacerbated the poor financial conditions of Grail.

Unfortunately, ***Grail now faces the distinct possibility of the '552 patent-in-suit being transferred to a court-appointed receiver for a judicial sale to satisfy a judgment*** entered in favor of one of the law firms that previously represented Grail in the state court case (Mishcon De Reya New York LLP (the "Mishcon firm")).

The Mishcon firm briefly represented Grail in the state court litigation before its representation was terminated in early 2011, about a year before the jury trial conducted earlier this year by Grail's current counsel. Yet, the Mishcon firm was able to obtain a judgment in the amount of $2.1 million against Grail in the Southern District of New York for its legal fees. (See Lee Decl., § 13 & Ex. 12, *Order Confirming Arbitration Award and Entering Final Judgment*, dated July 11, 2012 in *Mishcon De Reya New York LLP v. Grail Semiconductor, Inc.,* Civil Action No. 11-4971 (JMF)). The Mishcon firm first attached the patent-in-suit and then filed a *Motion for Appointment of A Receiver and Assignment of Intangible Property Rights* in which it seeks an order "(i) directing the turnover and assignment of United States Patent No. 6,642,552 … and (ii) appointing a Receiver for the purpose of selling the '552 Patent and distributing the proceeds of said sale to the Mishcon firm toward satisfaction of its Judgment against

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 7 -

1 Respondent/Judgment-Debtor Grail Semiconductor, Inc. ("Grail") …." (See Lee Decl., § 14 & Ex. 13, *Amended Proposed Order Appointing Receiver and Directing Assignment of Intangible Property Rights Pursuant to CPLR § 5225* dated September 11, 2012). That motion has been fully briefed, argued and submitted to the court for ruling in that case.

If the Mishcon firm's motion is granted and the '552 patent-in-suit is transferred to a receiver for a judicial sale, any such sale or transfer of the '552 Patent to a third party (including the receiver) would immediately divest Grail of standing to continue this patent litigation against Renesas and would foreclose Grail from recovering any damages from Renesas for patent infringement. *Schreiber Foods, Inc. v. Beatrice Cheese*, *Inc*., 402 F.3d 1198, 1203-04 (Fed. Cir. 2005). Proceeding with litigation in this case on potentially duplicative or even unnecessary issues under these circumstances makes no sense.

**B.     Each Party Is Likely To Suffer In Being Required To Go Forward**

Courts further consider "the hardship or inequity which a party may suffer in being required to go forward." *Bechhold*, 2008 WL 170688 at *2. If a stay is not granted, each party will conduct extensive discovery on issues relating to Renesas' potential liability, including the extent of Renesas' alleged acts of infringement and potential damages, and spend considerable resources in an effort that may prove misguided or unnecessary.[2] For example, if the ultimate outcome of the state court case is an award of damages based on a hypothetical lump-sum payment for use of the technology (including use of the patent-in-suit), and that lump-sum payment encompasses MEUS as well as its affiliates and related companies (such as one or more of the Renesas entities), the parties will have spent considerable effort obtaining information

---

[2] In fact, on September 27, 2012, Renesas served Renesas's Second Set of Requests for Production of Documents and Things to Grail (Nos. 66-144), Renesas's Second Set of Interrogatories to Grail (Nos. 2-8), and Re-Served Renesas's First Set of Requests for Production of Documents and Things to Grail (Nos. 1-65). (Lee Decl., ¶¶15-17 & Exs. 14-16).

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 8 -

about alleged acts of infringement and damages for relief that may not be available. Even if the ultimate outcome of the state court case is an award of damages based on some other measure (such as what Grail sought and obtained during the first trial), the parties in this case will have a clearer guideline for the temporal scope of the relief that Grail is seeking from Renesas. In any scenario, the lack of certainty as to the impact from the final resolution of state court case on the present action will likely lead to the expenditure of unnecessary resources and potential duplication of efforts by the parties and, more importantly, by the Court.

### C. A Stay Will Result In The Simplification Of Issues And Questions of Law

Courts also consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Bechhold*, 2008 WL 170688 at *2. As discussed above, a stay pending resolution of the state court case is likely to simplify and clarify the issues for the present action. After the Superior Court makes a final order with respect to any damages compensable to Grail, the parties in this action will benefit from that knowledge, and be in a position to narrowly focus the damages analysis in this case. If, however, this action proceeds, Grail's request for damages in this case may give rise to a claim of double recovery. Grail's request for damages may still need to be modified in view of the later resolution of the state court case.

Simply put, clarification of the liability and damages issues in this case through the final resolution of the state court case will benefit the parties and the Court. That is especially the case since (at least based on Renesas' position to date) much of the information needed for discovery into the extent of Renesas' potential liability in this case may be in the possession of the Renesas entities in Japan, including fact witnesses residing in Japan. (Lee Decl., ¶ 18 & Ex. 17). There is no need to proceed with expensive and cumbersome discovery involving foreign

nationals and entities, only to do it again in the future. A stay obviously will also ensure that the parties proceed with litigation in this case knowing one way or the other whether Grail will even have title to the patent-in-suit in view of the proceeding in the Southern District of New York.

### D. A Stay Will Not Unduly Prejudice Renesas Or Provide Tactical Advantage

Under the stay analysis in the reexamination scenario, courts consider "whether a stay would unduly prejudice or present a clear tactical advantage to the nonmoving party." *Convergence Techs.*, 2012 WL 1232187 at *2. Under these particular circumstances, a stay will not unduly prejudice or provide any tactical advantage to either of the parties. To the contrary, a stay of these proceedings will clarify a number of important issues for both parties so that they may both proceed in the most efficient and economic manner. While Grail is entitled to seek redress for Renesas' alleged infringement, doing so without a clear understanding of the landscape of this case and the available remedies benefits neither party. Rather, awaiting the outcome of the state court case while the present action is stayed will enable both parties to focus discovery and prepare for trial. In this way, both parties obtain equal advantage.

### E. Discovery Has Barely Commenced

Finally, courts consider "whether discovery is complete and whether a trial date has been set." *Id*. A schedule was recently set in this action on August 29, 2012, and a trial is set for "the Court's convenience" well in the future. (Dkt. No. 101). Further, only limited discovery directed solely to the patent ownership and standing issues has been taken by either party to date. The parties fully briefed the issue of standing, and the Court only recently denied Renesas' motion to dismiss. (Dkt. No. 104, sealed).

Now that Renesas' motion to dismiss has been finally resolved, the parties will soon commence significant discovery into infringement, validity, damages, and other related issues. In fact, on September 27, 2012, Renesas submitted voluminous discovery, including Renesas'

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 10 -

Second Set of Requests for Production of Documents and Things to Grail Semiconductor (Nos. 66-144) and Renesas' Second Set of Interrogatories (Nos. 2-8). (Lee Decl. ¶¶ 15-16, Exs. 14-15). Notably, Request for Production No. 123 calls for "All documents and things upon which Grail intends to rely on the issue of damages, including but not limited to all documents and things concerning any of the Georgia-Pacific factors upon which Grail intends to rely in support of their prayer for relief" and Request No. 124 calls for "All documents and things concerning the determination of, or that form the basis for, a reasonable royalty and royalty base that Grail contends should apply to any sales of products found to infringe the '552 Patent." (Lee Decl. ¶ 15, Ex. 14 at 16).

Likewise, Interrogatory No. 5 states:

> Explain the basis for your claim of damages, including without limitation: the dollar amount of the damages you are claiming; how such dollar amount was calculated; the legal theory (e.g., lost profits, reasonable royalty, enhancement) that you contend supports your claim for damages; any royalty rate that you contend should be applied in assessing damages and the basis for that royalty rate; a description of any royalty base that you contend should be used in assessing damages…

(Ex. 12 at 8). All of these requests are directed to issues that may be rendered moot or altered as a result of the final outcome of the state court case. Thus, to avoid unnecessary duplication and waste of effort and expenses by the parties and the Court, Grail respectfully requests that these proceedings be stayed pending the final outcome of the state court case so that the parties and the Court may benefit from the guidance of that ruling.

## IV. CONCLUSION

For the reasons set forth above, Grail respectfully requests that this Court stay the present proceedings pending the outcome of the related State Court Case.

Dated: October 3, 2012

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 11 -

1  Respectfully submitted,

2  _____/s/_____
   DAVIS WRIGHT TREMAINE LLP
3  MARTIN L. FINEMAN, Bar No. 1104413
   505 Montgomery Street, Suite 800
4  San Francisco, CA 94111
   Telephone: (415) 276-6575
5  Facsimile: (415) 276-6599
   Email: martinfineman@dwt.com
6  NIRO, HALLER & NIRO
   Raymond P. Niro (Member of the N.D. Cal. Bar)
7  Christopher J. Lee (*Pro Hac Vice*)
   Kara L. Szpondowski (*Pro Hac Vice*)
8  Joseph A. Culig (*Pro Hac Vice*)
   Gabriel I. Opatken (*Pro Hac Vice*)
9  181 West Madison, Suite 4600
   Chicago, IL 60602-4515
10 Phone: (312) 236-0733
   Fax: (312) 236-3137
11 E-mails: rniro@nshn.com;clee@nshn.com;
   szpondowski@nshn.com; jculig@nshn.com;
12 gopatken@nshn.com

13 Attorneys for Plaintiff
   Grail Semiconductor, Inc.

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847

- 12 -

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2012 the foregoing

**GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

| | |
|---|---|
| Michael D. Switzer (mswitzer@ulmer.com) | Byron R. Chin (bchin@kilpatricktownsend.com) |
| Brian C. Bianco (bbianco@ulmer.com) | Kilpatrick Townsend & Stockton LLP |
| Alissa R. Pohlman (apohlman@ulmer.com) | 1080 Marsh Road |
| Peter G. Hawkins (phawkins@ulmer.com) | Menlo Park, CA 94025 |
| Ulmer & Berne LLP | Telephone: (650) 326-2480 |
| 500 West Madison Street | Facsimile: (650) 326-2422 |
| Suite 3600 | |
| Chicago, IL  60661-4587 | ***Attorneys for Defendant*** |
| Telephone:  312-658-6530 | ***Renesas Electronics America Inc***. |
| Fax:  312-658-6531 | |

***Attorneys for Defendant***
***Renesas Electronics America Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/*
NIRO, HALLER & NIRO
Attorneys for Plaintiff Grail Semiconductor, Inc.

GRAIL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO STAY THE PROCEEDINGS IN THIS ACTION PENDING FINAL RESOLUTION OF A RELATED CASE IN STATE COURT AND MEMORANDUM IN SUPPORT – GRAIL V. RENESAS, CASE NO. C 11-03847